UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:07-CR-9-1-F3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| OLEG KISELYOV, | ) | |
| Defendant | ) | |

After eight days of trial and around six hours of deliberation, the jurors in this case were unable to reach a verdict. The jury had deliberated for about three and a half hours on Friday when the foreperson first announced the deadlock. The court excused members of the jury for the weekend and directed them to return on Monday morning to continue deliberation. The jury deliberated on Monday morning for approximately two more hours, then submitted a substantive written question, which was answered in writing. The jurors were given a modified *Allen* charge as approved by the Fourth Circuit Court of Appeals,[1] and were sent to lunch. After lunch, the jurors resumed their deliberations.

When the foreperson later submitted a second note declaring that the jury was "split" and could not reach a unanimous verdict on any of the three counts against the defendant, the court so advised the Government and counsel for the defendant. The Government did not seek declaration of a mistrial; in fact, the prosecutor expressed a preference that the jury be required to continue to deliberate. Defense counsel stated that there was no objection to declaration of a mistrial.

---

[1] *See Allen v. United States*, 164 U.S. 492 (1896); *accord United States v. Wilson*, 484 F.3d 267, 279 & n.6 (4th Cir. 2007); *United States v. Hylton*, 349 F.3d 781, 788 (4th Cir. 2003) (explaining "balanced" *Allen* charge), *cert. denied*, 541 U.S. 1065 (2004).

After the foreperson reported a second time that the jury could not reach a verdict on any of the three charges, the court determined that there was no reasonable expectation that this jury would be able to agree. Accordingly, the court exercised its discretion in discharging the jury from giving any verdict, there being a manifest necessity therefor, lest the ends of public justice otherwise be defeated. Under all the circumstances of this case, the court concluded that to compel the jury to continue deliberating could result unfairly in a forced verdict.

The trial having concluded with the discharge of the hung jury without having rendered any verdict on August 27, 2007, it hereby is ORDERED that the Clerk of Court schedule and notice the re-trial in this matter for the court's **December 10, 2007**, term of court in Wilmington, North Carolina. Without objection by the Government, it further is ORDERED that the defendant is released under the same terms and conditions as presently are in effect.

The period of delay occasioned by the scheduling of a re-trial shall be excluded in the calculation of the defendant's speedy trial time, in light of this court's determination that the ends of justice served by this order outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161 (h).

SO ORDERED.

This the **29th** day of August, 2007.

JAMES C. FOX
Senior United States District Judge

2

Case 4:07-cr-00009-F   Document 58   Filed 08/29/07   Page 2 of 2